IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTAVIUS MARQUET BELL,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:16-CV-1799-L<br>3:14-CR-0281-L |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his conviction being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On June 10, 2015, the district court sentenced Petitioner to 70 months in prison. He did not file an appeal.

On June 21, 2016, Petitioner filed the instant § 2255 petition. He argues his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On September 1, 2016, the government filed its answer. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II.  Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA").  Petitioner, however, was not sentenced under the ACCA.  Instead, his sentence was enhanced under § 2K2.1 of the sentencing guidelines because Petitioner's offense involved a firearm with a large capacity magazine, and he had previously been convicted of possession with intent to deliver a controlled substance and burglary of a habitation.  (PSR ¶ 16.)  Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), the sentencing guidelines are not subject to a challenge for vagueness.  The Supreme Court's invalidation of the ACCA's residual clause in *Johnson* therefore does not impact Petitioner's conviction or sentence, and his petition should be denied.

## III.  Recommendation

For the foregoing reasons, the Court recommends that the petition to vacate, set-aside, or correct sentence be denied.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).